IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ZIM INTEGRATED SHIPPING SERVICES, LTD.<br><br>Third-Party Defendant. | IN ADMIRALTY<br><br>Case No. 2:26-cv-03078<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT** |

COMES NOW defendant/third-party plaintiff Expeditors International of Washington, Inc. ("Expeditors"), answering Plaintiff's Complaint, and hereby responds, alleges and avers as follows:



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## I. JURISDICTION AND VENUE

1. Answering paragraph 1 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

2. Answering paragraph 2 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

3. Answering paragraph 3 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

4. Answering paragraph 4 of Plaintiff's Complaint, this paragraph consists of jurisdictional allegations which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors admits the same.

5. Answering paragraph 5 of Plaintiff's Complaint, this paragraph consists of venue allegations which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors admits the same.

6. Answering paragraph 6 of Plaintiff's Complaint, this paragraph consists of venue allegations which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors admits the same.

## II. PARTIES

7. Answering paragraph 7 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

8. Answering paragraph 8 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

9. Answering paragraph 9 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

10. Answering paragraph 10 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

11. Answering paragraph 11 of Plaintiff's Complaint, Expeditors admits the allegations thereof.

12. Answering paragraph 12 of Plaintiff's Complaint, Expeditors admits the allegations thereof.

## III. FACTUAL BACKGROUND

13. Answering paragraph 13 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

14. Answering paragraph 14 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

15. Answering paragraph 15 of Plaintiff's Complaint, Expeditors admits that it issued a bill of lading or waybill for the shipments described in Schedule A. Expeditors denies this paragraph's remaining allegations, as there is no Exhibit 1 to Plaintiff's Complaint.

16. Answering paragraph 16 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

17. Answering paragraph 17 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

18. Answering paragraph 18 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

19 Answering paragraph 19 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

20. Answering paragraph 20 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

21. Answering paragraph 21 of Plaintiff's Complaint, Expeditors denies any breach of any obligation or duty. Expeditors does not have adequate information to admit or deny this paragraph's remaining allegations, and therefore denies the same.

22. Answering paragraph 22 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

23. Answering paragraph 23 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

24. Answering paragraph 24 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

25. Answering paragraph 25 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

26. Answering paragraph 26 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

27. Answering paragraph 27 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

28. Answering paragraph 28 of Plaintiff's Complaint, Expeditors admits it has made no payment. Expeditors does not have adequate information to admit or deny this paragraph's remaining allegations, and therefore denies the same.

## IV. CAUSES OF ACTION

### A. Count I – (COGSA)

29. Answering paragraph 29 of Plaintiff's Complaint, Expeditors repeats and reasserts its responses to each and every allegation set forth in Paragraphs 1 through 28 of the Complaint as if more fully set forth herein.

30. Answering paragraph 30 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

31. Answering paragraph 31 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

32. Answering paragraph 32 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

33. Answering paragraph 33 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

34. Answering paragraph 34 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

### B. Count II – (Harter Act)

35. Answering paragraph 35 of Plaintiff's Complaint, Expeditors repeats and reasserts its responses to each and every allegation set forth in Paragraphs 1 through 28 of the Complaint as if more fully set forth herein.

36. Answering paragraph 36 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

37. Answering paragraph 37 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

38. Answering paragraph 38 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

39. Answering paragraph 39 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

40. Answering paragraph 40 of Plaintiff's Complaint, Expeditors denies the allegations thereof.

41. Answering paragraph 41 of Plaintiff's Complaint, Expeditors denies the allegations thereof.

### C. Count III – (Breach of Maritime Contract)

42. Answering paragraph 42 of Plaintiff's Complaint, Expeditors repeats and reasserts its responses to each and every allegation set forth in Paragraphs 1 through 28 of the Complaint as if more fully set forth herein.

43. Answering paragraph 43 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

44. Answering paragraph 44 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

45. Answering paragraph 45 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

46. Answering paragraph 46 of Plaintiff's Complaint, this paragraph consists of allegations of contract construction and other conclusions of law which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

47. Answering paragraph 47 of Plaintiff's Complaint, Expeditors denies the allegations thereof.

48. Answering paragraph 48 of Plaintiff's Complaint, Expeditors denies the allegations thereof.

49. Answering paragraph 49 of Plaintiff's Complaint, Expeditors denies the allegations thereof.

50. Answering paragraph 50 of Plaintiff's Complaint, Expeditors denies the allegations thereof.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**D. Count IV – (Bailment)**

51. Answering paragraph 51 of Plaintiff's Complaint, Expeditors repeats and reasserts its responses to each and every allegation set forth in Paragraphs 1 through 28 of the Complaint as if more fully set forth herein.

52. Answering paragraph 52 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

53. Answering paragraph 53 of Plaintiff's Complaint, Expeditors does not have adequate information to admit or deny the allegations thereof, and therefore denies the same.

54. Answering paragraph 54 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

55. Answering paragraph 55 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

56. Answering paragraph 56 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

57. Answering paragraph 57 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

58. Answering paragraph 58 of Plaintiff's Complaint, this paragraph consists of allegations of legal conclusions which do not require a response from Expeditors. To the extent this paragraph's allegations do require a response from Expeditors, Expeditors denies the same.

59. Answering paragraph 59 of Plaintiff's Complaint, Expeditors denies the allegations thereof to the extent they are directed to Expeditors.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Expeditors denies that it is entitled to any of relief as against Expeditors.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, and in further response to the allegations of Plaintiff's Complaint, Expeditors hereby alleges and avers as follows:

1) Plaintiff has failed to state a claim for which relief may be granted.

2) Plaintiff's claims are preempted, wholly or partially, by one or more federal statutes and/or international treaties.

3) Expeditors is not liable to plaintiff on the ground that its alleged damages, if any, were caused by dangers of the sea or other navigable waters.

4) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by an act of God.

5) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by public enemies.

6) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by inherent defect, quality, or vice of the goods.

7) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by insufficiency of package.

8) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by an act or omission of the shipper or owner of the goods or its agent.

9) Expeditors is not liable to plaintiff on the ground its alleged damages, if any, were caused by saving or attempting to save life or property at sea, including a deviation in rendering such a service.

10) Plaintiff materially breached one or more of the contracts it seeks to enforce, such that it is barred from enforcing the same against Expeditors.

11) Plaintiff's damages were caused, wholly or partially, by the wrongful acts of one or more third parties for which Expeditors is not responsible or liable, such that Expeditors is not liable therefor.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

12) Plaintiff's damages were caused, wholly or partially, by its own wrongful acts, such that Expeditors is not responsible or liable therefor.

13) Plaintiff has failed to fully mitigate its damages.

14) Plaintiff's claim as stated herein is time barred.

15) The extent of plaintiff's recoverable damages, if any, is limited by contract and statute.

WHEREFORE, Expeditors prays for relief as follows:

1) For an order dismissing Plaintiff's Complaint with prejudice and without award to plaintiff;

2) For an award of Expeditors' costs and attorney's fees incurred in the defense of this matter; and

3) For such other and further relief as the Court may deem just and proper.

**THIRD PARTY COMPLAINT**
**AGAINST ZIM INTEGRATED SHIPPING SERVICES, LTD.**

COMES NOW defendant/third-party plaintiff Expeditors International of Washington, Inc. ("Expeditors"), and as for its third-party complaint under Fed. R. Civ. P. 14(a), 14(c) and 18(a) against third-party defendant Zim Integrated Shipping Services, Ltd. ("Zim"), and hereby alleges and avers as follows:

**PARTIES**

1. Expeditors is a Washington corporation that operates, *inter alia*, as a non-vessel operating common carrier, and which entered into a contract of carriage with Zim for international ocean transit of the cargo that is the subject of plaintiff's primary action against Expeditors. A copy of said contract of carriage, i.e., Zim's sea waybill Zim issued to Expeditors No. ZIMUSHH31849434, is attached hereto as Exhibit A and incorporated herein.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

2. Zim is an Israel corporation that operates as an ocean carrier, and which accepted for international ocean transit the cargo that is the subject of plaintiff's primary action against Expeditors.

**Jurisdiction and Venue**

3. The Court has jurisdiction over this action under 28 U.S.C. §1333 because it derives from the same facts and circumstances as the primary action; and its subject matter addresses international ocean transportation of cargo into the United States. The Court also has jurisdiction under 28 U.S.C. §1332 because plaintiff is a Washington State corporation and defendant is a corporation of a foreign country, and at issue is $207,787.93 as alleged in the Plaintiff's Complaint.

4. Venue in this Court is proper based on the parties' contractual forum selection clause; and because the facts and circumstances of this third-party action derive from the same nucleus of common fact as is alleged in plaintiff's primary action.

**Allegations of Operative Fact**

5. In plaintiff's primary action, plaintiff seeks to recover from Expeditors the value of property allegedly damaged, lost, destroyed or delayed while in Zim's care, custody and control during the transport governed by Zim's sea waybill.

6. Expeditors committed no negligence, breach of contract or other wrongdoing that caused or contributed to plaintiff's alleged losses, if any.

7. Any wrongdoing that caused or contributed to plaintiff's losses, if any, was committed by and/or is the responsibility of Zim.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**Cause of Action**
**Indemnity**

8. Expeditors repeats and realleges the allegations of paragraphs 1 through 7 hereof as if fully stated herein.

9. Any negligence, breach of contract or other wrongdoing by any entity other than Expeditors that caused or contributed to plaintiff's loss, if any, and that resulted in plaintiff's alleged damages, is the contractual and/or statutory and/or common law and/or international treaty responsibility of Zim.

10. Expeditors is entitled to full indemnity from Zim for any and all liability Expeditors may be adjudged to have to plaintiff, and/or any judgment entered against it in favor of plaintiff in plaintiff's primary action herein, plus Expeditors' costs and attorneys' fees incurred in the defense of plaintiff's primary action and the prosecution of this third-party action.

11. Expeditors is entitled to redress against Zim pursuant to Fed. R. Civ. P. 14(c), with respect to its right to indemnity. Expeditors expressly demands judgment against Zim to the extent the Court determines that Zim is liable for plaintiff's alleged damages.

12. Expeditors demands judgment in the plaintiff's favor against Zim, and that Zim defend against the plaintiff's claim as well as Expeditors' claim as if plaintiff had sued both Expeditors and Zim.

13. Further pursuant to Fed. R. Civ. P. 14(c), Expeditors is entitled to and does hereby tender defense of plaintiff's claims directly to Zim, and demands that Zim defend and hold Expeditors harmless against plaintiff's claims. Expeditors requests that any judgment in plaintiff's favor herein be entered directly against Zim.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

WHEREFORE, Expeditors prays for relief as follows:

1. For an award of indemnity against Zim for any and all liability Expeditors may be adjudged to have to plaintiff in plaintiff's primary action herein, and/or any judgment entered against it in favor of plaintiff , including Expeditors' costs and attorneys' fees incurred in the defense of plaintiff's primary action herein;

2. Judgment in the plaintiff's favor against Zim pursuant to Fed. R. Civ. P. 14(c);

3. For an award of Expeditors' costs and attorneys' fees incurred in the prosecution of this third-party action; and

4. For such other and further relief as the Court may deem just and proper.

DATED: September 9, 2026.

BALLARD SPAHR LLP

*By: s/ Steven W. Block*
Steven W. Block, WSBA No. 24299
blocks@ballardspahr.com
1301 Second Avenue Suite 2800
Seattle, WA 98101
Tel: 206.223.7000
*Attorney for Defendant Expeditors International of Washington, Inc.*